**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe, | No. CV-24-08154-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Debra Haaland, et al., | |
| Defendants. | |

The Court is in receipt of a Motion to Intervene filed by Arizona Lithium Limited ("AZL") (Doc. 18).[1]  AZL is the company operating the Big Sandy Valley Lithium Exploration Project (the "Project"), which is a planned program to conduct exploratory drilling for lithium deposits.  AZL seeks to intervene in this action to defend against Defendant United States Bureau of Land Management's ("Defendant BLM") decision to approve the Project.  AZL represents it engaged in exploratory drilling in Wikieup, Arizona from 2018–2019, applied for Defendant BLM to approve the third phase of the Project in 2019, and obtained Project approval in June 2024.  (Docs. 18 at 3–5; 18-4 at ¶¶ 7–16).  AZL commenced drilling on August 1, 2024.  The next day, Plaintiff Hualapai Indian Tribe ("Plaintiff") filed a Complaint alleging Defendant BLM violated various

---

[1] AZL requested oral argument on the Motion to Intervene and Plaintiff has not yet filed a response.  Having reviewed the Motion to Intervene, the briefing on the Motion for TRO, and the record, the Court finds that the facts and issues have been adequately presented and oral argument will not aid the Court's decision.  Accordingly, in the interest of avoiding further delay, the Court will decide the Motion to Intervene without oral argument or Plaintiff's response.  *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

provisions of the National Environmental Policy Act and the National Historic Preservation Act when approving the Project. (*See generally* Doc. 1). Plaintiff also filed a Motion for Temporary Restraining Order ("TRO") (Doc. 11) that would enjoin *inter alia* the Project's operations because "[t]he Project threatens to destroy a hot spring—Ha'Kamwe'—and the surrounding landscape that [Plaintiff] holds sacred." (*Id.* at 7). AZL argues they may intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or, alternatively, that the Court should grant it permission to intervene under Rule 24(b)(1)(B).[2] In light of AZL's protectable interests in the Project, AZL's Motion is granted.

I. **Legal Standard**

Rule 24(a) provides the following:

> On timely application, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that party.

Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has established a four-part test to assess an intervention under Rule 24(a): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). Generally, these criteria are interpreted broadly in favor of intervention. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) ("Rule 24(a)(2) is construed broadly in favor of

---

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

proposed intervenors and we are guided primarily by practical considerations.")). The movant bears the burden to show it satisfies each of the four criteria for intervention as a matter of right. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

## II. Discussion

The Court finds AZL has demonstrated all four intervention criteria:

### A. Timeliness

AZL's Motion is timely under the first criterion as it was filed just three days after Plaintiff applied for a TRO, and less than two weeks after the Complaint was served on Defendants. (*See* Docs. 7; 8; 11; 18).

### B. Significant Protectable Interest

To demonstrate a protectable interest under the second intervention criterion, AZL must establish its "interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The latter requirement is met "only if the resolution of the plaintiff's claims actually will affect the [intervenor] applicant." *Donnelly*, 159 F.3d at 410 (citations omitted).

The Court finds AZL has shown a protectable interest because, as the Project operator, AZL was authorized by Defendant BLM to conduct lithium and poly metal mineral exploration in the Wikieup region. (Doc. 18 at 8). Moreover, AZL's ability to exercise that interest is directly at issue in Plaintiff's Motion for a TRO. (*See generally* Doc. 11).

### C. Impaired ability to protect an interest.

Under the third intervention criterion, AZL must show that the disposition of this action "may as a practical matter impair or impede [its] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). In other words, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene." *See also* Fed. R. Civ. P. 24 advisory comm. notes (Am. 1966).

Here, Plaintiff seeks a TRO that would "enjoin implementation of Defendants'

approval of the Big Sandy, Inc. Sandy Valley Lithium Exploration Project (Phase 3) [] pending adjudication of the Tribe's challenge to that approval." (Doc. 11 at 7).  Having found that AZL has a significantly protectable interest in the Project, it follows that granting the relief Plaintiff seeks would impair that interest.

### D. Adequacy of Representation

Courts examine three factors when assessing adequacy of representation under the fourth criterion: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  AZL's point is well taken that Defendant BLM may not adequately represent its interests due to its responsibilities as a government agency to represent the public interest.  (Doc. 18 at 9–11).  Indeed, the Ninth Circuit has recognized that "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.' " *Citizens for Balanced Use*, 647 F.3d at 899 (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).  AZL seeks to protect their contractual rights and financial investments in the Project, which differ in scope from Defendant BLM's interest. *See e.g. Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 2020 WL 1052518, at *3 (D. Or. March 4, 2020) (granting a motion to intervene because the proposed intervenor had "a specific private interest in protecting its contract rights and ability to purchase future timber sale offerings from [the defendant] BLM," which differed from the defendant BLM's "more general interest in following and enforcing regulations and defending agency actions").

### III. Conclusion

In sum, AZL has met all four intervention criteria.  The Court will permit AZL to

intervene and defend against this action, especially in light of the Ninth Circuit's policy that the four intervention criteria be broadly interpreted in favor of intervention. *See Donnelly*, 159 F.3d at 409; *Citizens for Balanced Use*, 647 F.3d at 897. The Court need not reach AZL's alternative arguments to conclude the Motion for Intervene should be granted.

Accordingly,

**IT IS ORDERED** that Arizona Lithium Limited's Motion to Intervene (Doc. 18) is **GRANTED**. Arizona Lithium Limited's Motion for Leave to Appear at the August 19, 2024, TRO Hearing (Doc. 19) is also **GRANTED**.

Dated this 19th day of August, 2024.

Honorable Diane J. Humetewa
United States District Judge