**THORPE SHWER, P.C.**
William L. Thorpe (No. 005641)
Mitchell W. Fleischmann (No. 021075)
Bree Nevarez (035671)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona  85012-2441
Telephone:  (602) 682-6100
Email:  docket@thorpeshwer.com
Email:  wthorpe@thorpeshwer.com
Email:  mfleischmann@thorpeshwer.com
Email:  bnevarez@thorpeshwer.com

**Attorneys for Intervenor Defendant Arizona Lithium Limited**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe of the Hualapai Indian Reservation, Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Debra Haaland in her official capacity as the United States Secretary of the Interior; United States Bureau of Land Management; Ray Suazo in his official capacity as State Director of the United States Bureau of Land Management; and Amanda Dodson in her official capacity as Field Office Manager of the United States Bureau of Land Management Kingman Field Office,<br><br>Defendants.<br><br>Arizona Lithium Limited,<br><br>Intervenor Defendant. | NO. 3:24-cv-08154-DJH<br><br>**INTERVENOR DEFENDANT ARIZONA LITHIUM LIMITED'S SUR-REPLY TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER FOLLOWED BY A PRELIMINARY INJUNCTION** |

Intervenor Defendant Arizona Lithium Limited ("AZL") submits this sur-reply to Plaintiff's Motion for Temporary Restraining Order Followed by a Preliminary Injunction

9503749

(the "Motion"). Plaintiff's Reply in support of its Motion ("Reply") improperly asserts multiple disputed statements as conceded facts. AZL files this sur-reply to rebut two of Plaintiff's misstatements in particular: (1) that the Sandy Valley Exploration Project's ("Project") drilling will perforate a potential water source of Ha'Kamwe', and; (2) that AZL entered into an agreement with Plaintiff to halt drilling at the Project site from August 10-19, 2024.

Plaintiff's Motion and Reply do not fulfill the burden necessary to warrant the extraordinary remedy of a preliminary injunction. Accordingly, AZL requests this Court deny Plaintiff's Motion.

**I.      The drilling will not affect the lower aquifer that feeds Ha'Kamwe'.**

The first inaccurate statement in Plaintiff's Reply claims that the Bureau of Land Management ("BLM") conceded "the Project's drilling will perforate a potential source of the spring's flows", resulting in "significant risk of irreparable harm. . . ." (Dkt. 35 at p. 1.) There is no evidentiary basis that supports Plaintiff's speculative argument that the water source of Ha'Kamwe' will be affected by drilling at the Project. Neither BLM's nor AZL's briefing concludes that Ha'Kamwe's water source is in imminent danger of being perforated by the scheduled drilling at the Project site.

Throughout the Reply, Plaintiff muddies the term "aquifer," creating a blurred vision of the drilling directly impacting the water that sources Ha'Kamwe'. Importantly, there are three geologically distinct aquifers at the project site identified by their vertical relationship to each other—the upper, middle, and lower aquifers. (Dkt. 15-1 at p. 20.) As clearly stated within the Final Environmental Assessment ("EA"): "The aquifer that supplies the Cofer Hot Spring (*Ha'Kamwe'*) is a deeper confined aquifer (Lower Aquifer) that is geologically isolated from the overlying aquifers (Upper and Middle Aquifers) by an aquitard." (*Id*. at p. 21.) Based on the fact that the Project's drilling will only reach 360 feet in depth, contact with the middle or lower aquifer will not occur as they are simply too

2

far beneath the drilling depth. (Dkt. 15-2 at p. 9, demonstrating the depth of the middle aquifer starts at 640 ft. and the lower aquifer starts at 1390 ft.)



(*Id*.)

Further, the lack of any risk of irreparable harm to Ha'kamwe' is demonstrated by the drilling that previously occurred at the Project during its prior two phases. No groundwater was encountered during drilling at the site. (Dkt. 28, Ex. A at ¶ 47.) Additionally, in the unlikely instance any groundwater is encountered, no irreparable harm will occur because the EA requires immediate mitigation measures: "protection of water resources would be provided by promptly plugging and abandoning all core holes especially those that intersect water in accordance with Arizona Administrative Code R12-

3

9503749

15-816." (Dkt. 15-1 at p. 21.) Plaintiff's claim that there is "no dispute regarding the core issue: the Project may affect the spring's hydrology" is simply not true. (Dkt. 35 at p. 9.) AZL vigorously disputes Plaintiff's unsubstantiated belief and the contrary position is well documented through the EA and briefing, and also confirmed by AZL's actual experience during the prior drilling activity.

In issuing the EA, BLM properly considered the potential harms to Ha'Kamwe' by providing appropriate measures to prevent and limit any harm from occurring. Plaintiff's inability to demonstrate a likelihood of suffering irreparable harm is fatal to their argument that a preliminary injunction is warranted here. *See Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1054 (9th Cir. 2013) (identifying the four elements a plaintiff must show for issuance of a preliminary injunction**, including likelihood of suffering irreparable harm**) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 22 (2008)). Accordingly, Plaintiff's request for a preliminary injunction should be denied.

## II. AZL did not enter into an agreement with Plaintiff to stop drilling.

Second, the Reply misstates correspondence from AZL to Plaintiff concerning drilling at the Project site. Specifically, the Reply states "AZL...now disavows the company's statement to the Tribe that it would not do any drilling from August 10 to 19 while discussions continued." (Dkt. 35 at p. 17.) No such agreement occurred.

On August 9, 2024, AZL sent a letter via email to Duane Clarke, Chairman of Hualapai Tribe. In that letter, AZL agreed to cease its planned expansion of its area of ground disturbance and not increase the number of drill pads: "AZL (and its contractors) will cease additional grading, road preparation, or placement of drill pads from August 10, 2024 through August 19, 2024 to promote our conversations. Please note, however, our agreement to not expand our exploratory activities for that period of time is based on us setting a meeting date for next week." (Dkt. 11-8, at Attachment 14.) AZL did not agree to

4

stop all activities and did not suggest that it would pause drilling that was already scheduled.

The reality is that the Tribe was aware of the planned drilling activities and, despite such knowledge, allowed the drilling efforts to move forward and did not promptly seek any emergency relief for weeks following its filing of the Complaint. While Plaintiff argues that their "slight delay" in filing the Motion was due in part to "the Tribe's diligence and efforts to preserve its rights out of court through outreach to BLM and AZL," Plaintiff's lack of urgency for relief is demonstrated, in part, by the delay between its filing of the Complaint and the Motion for a Temporary Restraining Order.

## CONCLUSION

Plaintiff's briefing does not meet the burden required to warrant the extraordinary relief provided by a preliminary injunction. Plaintiff has no evidence that the water supply to Ha'Kamwe' will be affected by the Project's scheduled drilling, or that the existing precautionary remedial measures in place will fail, resulting in irreparable harm. To the contrary, the extensive analysis and review of the Project site detailed in the EA demonstrates that no irreparable harm will occur. Accordingly, AZL requests this Court deny Plaintiff's Motion.

DATED this 4th day of September, 2024.

**THORPE SHWER, P.C.**

By */s/ William L. Thorpe*
    William L. Thorpe
    Mitchell W. Fleischmann
    Bree G. Nevarez
    ***Attorneys for Arizona Lithium Limited***

5

9503749

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2024, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Laura Berglan
Heidi McIntosh
Thomas Delehanty
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, Colorado 80202
lberglan@earthjustice.com
hmcintosh@earthjustice.com
tdelehanty@earthjustice.com

Roger Flynn
Jeffrey C. Parsons
WESTERN MINING ACTION PROJECT
440 Main Street, #2
Lyons, Colorado 80540
roger@wmaplaw.org
jeff@wmaplaw.org

*Attorneys for Plaintiffs*

Todd Kim
Daniel Luecke
Matthew Marinelli
NATURAL RESOURCES SECTION
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 611
150 M Street NE
Washington, D.C. 20044-7611
Daniel.luecke@usdoj.gov
Matthew.marinelli@usdoj.gov

*Attorneys for Defendants Debra Haaland;*
*United States Bureau of Land Management;*
*Ray Suazo; and Amanda Dodson*

/s/ Brandi Kline
Legal Assistant

9503749