**THORPE SHWER, P.C.**
William L. Thorpe (No. 005641)
Mitchell W. Fleischmann (No. 021075)
Bree Nevarez (035671)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: wthorpe@thorpeshwer.com
Email: mfleischmann@thorpeshwer.com
Email: bnevarez@thorpeshwer.com

**Attorneys for Intervenor Defendant Arizona Lithium Limited**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe of the Hualapai Indian Reservation, Arizona,<br><br>   Plaintiff,<br><br>v.<br><br>Debra Haaland in her official capacity as the United States Secretary of the Interior; United States Bureau of Land Management; Ray Suazo in his official capacity as State Director of the United States Bureau of Land Management; and Amanda Dodson in her official capacity as Field Office Manager of the United States Bureau of Land Management Kingman Field Office,<br><br>   Defendants.<br><br>Arizona Lithium Limited,<br><br>   Intervenor Defendant | NO. 3:24-cv-08154-DJH<br><br>**INTERVENOR DEFENDANT ARIZONA LITHIUM LIMITED'S OPPOSITION TO STATE OF ARIZONA'S MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE** |

9507492

# INTRODUCTION

At the eleventh hour and without justification, the Arizona Attorney General ("AG") sought to file a brief mere hours before this Court's hearing on Plaintiff's motion for a preliminary injunction, despite the AG having foregone the opportunity to raise its concerns during the Bureau of Land Management's ("BLM") three-year-long National Environmental Policy Act ("NEPA") process. The AG unreasonably delayed filing its motion for leave until the hearing's eve, which left Federal Defendants and Arizona Lithium Limited ("AZL") no opportunity to address the brief in responsive pleadings. Accordingly, the Court should deny the AG's motion for at least five reasons.

First, the AG's attempt to file its amicus brief is procedurally untimely, Second, the AG does not seem to understand the scope of the BLM approval here. The AG's brief repeatedly implies that BLM's approval is for a mining project. It is not; it is for 131 exploratory drill holes. Also, the AG suggests the Project will pump groundwater, which it will not (instead, municipal water will be purchased for use onsite). Third, the AG had the opportunity to raise any groundwater analysis concerns in the NEPA process, but it did not. Fourth, the AG's advocacy contradicts the support and approval of the project from other parts of the Arizona state government. Fifth, and finally, Plaintiff is adequately represented and the AG's brief is redundant. Under the relevant law, such factors support denial of the AG's motion for leave to file an amicus brief.

# ARGUMENT

## I. LEGAL STANDARD

In the absence of a federal statute or rule governing the participation of amici in district courts, the courts "look to the Federal Rules of Appellate Procedure for guidance," specifically Fed. R. App. P. 29. *Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004). A proposed amicus brief and motion must be filed "no later than 7 days after the principal brief of the party being supported is filed," unless a court grants leave for later filing. Fed. R. App. P. 29(a)(6). The Advisory Committee Notes to Rule 29 explain that "[a] 7-day period [] is short

2

1  enough that no adjustment need be made in the opposing party's briefing schedule. The
2  opposing party will have sufficient time to review arguments made by the amicus and
3  address them in the party's responsive pleading. The timetable for filing the parties'
4  briefs is unaffected by this change." Fed. R. App. P. 29 advisory committee's note.

5        A court has "broad discretion" when considering whether to permit an amicus
6  brief. *Council for Endangered Species Act Reliability v. Jackson*, No. CV-10-8254-SMM,
7  2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011). A non-party that seeks to file an
8  amicus brief must state "(A) the movant's interest; and (B) the reason why an amicus
9  brief is desirable and why the matters asserted are relevant to the disposition of the case."
10 Fed. R. App. P. 29(a)(3). The function of amici is to aid the court in resolving a matter of
11 public interest, supplement counsel's efforts, and illustrate law that might otherwise fail
12 to be considered. *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th
13 Cir. 1982). Thus, "[a]n amicus brief should normally be allowed when…the amicus has
14 an interest in some other case that may be affected by the decision in the present case, or
15 when the amicus has unique information or perspective that can help the court beyond the
16 help that the lawyers for the parties are able to provide….Otherwise, leave to file an
17 amicus curiae brief should be denied." *Cmty. Ass'n for Restoration of Env't (CARE) v.*
18 *DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (internal citations
19 omitted).

20 **II.   THE AG'S BRIEF IS IMPERMISSIBLY UNTIMELY.**

21       District courts routinely deny motions from non-parties to participate as amici
22 when they file such motions after or near the parties' briefing deadlines.[1] *See Karuk Tribe*
23 *of Cal. v. U.S. Forest Serv.*, No. C 04-4275 SBA, 2005 WL 8177402, at *3 (N.D. Cal.

---

[1] Although Rule 29(a)(2) permits a state to file an amicus brief without consent of the parties or leave of court, Rule 29(a)(6) requires leave of court for late filing, and also requires the court to specify the time within which an opposing party may answer the amicus brief. Thus, if this Court is inclined to allow the AG's brief, it must afford the Federal Defendants and AZL an opportunity to answer, which would further (and unduly) delay resolution. Additionally, Fed. R. App. P 26(b) permits the court to extend the prescribed time under Rule 29 only for good cause. The AG has not established good cause for its delay.

3

9507492

June 13, 2005) (denying motion to participate as amicus "after all of the briefing on [a] matter has been submitted," because granting the motion "at this stage in the proceedings would prejudice the parties and needlessly cause delay"); *Bounty Mins., LLC v. Chesapeake Expl., LLC*, No. 5:17CV1695, 2019 WL 7048981, at *10 (N.D. Ohio Dec. 23, 2019) (denying motion to participate as amicus after briefing closed and three days before argument because granting the motion would prejudice the parties). Courts particularly deny motions to participate as amici where, as here, the proposed amicus brief is filed in support of one party, and the briefing deadlines would prevent the other party from meaningfully responding to the amicus brief. *See Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-CV-00053-DN-PK, 2021 WL 4440347, at *2–3 (D. Utah Sept. 28, 2021) (denying motion because "the State Amici filed their Motion after briefing was scheduled and nearly complete—on the deadline for Plaintiff to file its reply brief").

Here, granting the AG's motion for leave to file its amicus brief that it filed less than 16 hours before the preliminary injunction evidentiary hearing – and 31 days after Plaintiff's original motion – would prejudice Federal Defendants and AZL because they have no opportunity for timely, meaningful response. Plaintiff filed its motion on August 16, 2024. (Doc. 11 at 1). Federal Defendants and AZL filed their opposition three days later. (Docs. 15, 18-3). On August 26, 2024, Plaintiff filed a reply, which prompted this Court to permit sur-replies. (Docs. 35, 40, 42). Other than the discretionary and limited post-hearing "summation brief" authorized by the Court, the briefing on this matter is closed. Further, as acknowledged in the AG's brief, the AG determined 5 days ago that it would file an amicus brief, and yet the AG waited until less than 16 hours before the hearing to file such brief. (Doc. 49 at 2).

At this time, contrary to Rule 29, there is no "time to review arguments made by the amicus and address them in the party's responsive pleading." Fed. R. App. P. 29 advisory committee's note. Nor was there any meaningful time to consider those arguments or to address them at oral argument *the very next day*. Accordingly, the Court

4

1  should deny the AG's motion as prejudicially untimely. *See, e.g.*, *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 15 CIV. 2739 (LAP), 2022 WL 3536117, at *1 (S.D.N.Y. Aug. 18, 2022) (ruling that "the parties to the case or controversy before the Court should have the opportunity to engage with the arguments and perspectives of amici without resorting to supplemental briefing, which might unduly delay the proceedings or unduly prejudice one or more of the parties," and "[w]ithout a reasonable cut-off, amicus briefs supply a vehicle for groups aligned with one party to get the last word, contrary to the Court's briefing schedule, or to delay the proceedings by prompting unnecessary briefing about the arguments of non-parties.").

### III. THE AG FAILED TO PARTICIPATE IN THE NEPA PROCESS AND ITS PROPOSED AMICUS BRIEF CONTRADICTS PRIOR STATE APPROVALS RELATED TO THE PROJECT.

The untimeliness of the AG's proposed amicus brief is exacerbated by the AG's failure to participate in the BLM's NEPA process. The AG did not comment during the BLM's Phase 3 NEPA process or otherwise attempt to work with the BLM in relation to groundwater concerns related to the Project. The AG had not objected to or engaged with the BLM in relation to Phases 1 and 2 of the Project. In fact, the State has supported AZL's lithium exploration in several ways. The Arizona Department of Water Resources has repeatedly approved the Project's notice of intent to drill exploration wells. Also, in 2022, the Arizona Commerce Authority ("ACA") awarded a grant of $1 million to AZL. (*Phoenix Business Journal*, "Australian Lithium Company Opens Research Center in Tempe" (May 31, 2024), available at https://www.arizonalithium.com/investors/media/). In June 2024, the ACA attended the opening of AZL's Lithium Research Center. (*Id.*). And, the State of Arizona has financial programs to support lithium exploration. (*Id.*).

The AG squandered many opportunities to participate in or express concerns related to the Project at less prejudicial junctures, and it should not now be allowed to interject its new views that appear to contradict the State of Arizona's support and approvals.

. . .

9507492

IV. **THE AG'S ARGUMENTS ARE INAPPLICABLE BECAUSE THE PROJECT WILL NOT IMPACT GROUNDWATER.**

The AG's proposed amicus brief focuses on impacts to groundwater in the Project area. Yet the AG fails to acknowledge that the exploration plan does *not* authorize pumping groundwater and that it mandates compliance with Arizona state law designed to protect water resources. Importantly, if drilling encounters groundwater, the drilling must immediately stop, and the BLM's approval mandates following Arizona's own regulations for plugging and abandoning such drill holes. (Doc. 15-15 at 12–13, 16). The AG's motion directly contradicts Arizona law because it necessarily implies the State's regulatory scheme for abandoning wells insufficiently protects Arizona's water resources.

The Project is not drilling to a depth expected to encounter groundwater. Phases 1 and 2 of the Project drilled 49 dry holes that did not hit groundwater. The Phase 3 bulk drilling, which was completed in August 2024, also did not encounter groundwater. AZL will not be pumping any groundwater and is prohibited from doing so. Water for the Project will be purchased from a municipality and trucked to the site.

Additionally, the AG blusters about its concerns that the BLM relied on outdated data. (Doc. 50 at 4-5). Hydrogeology and groundwater resources are slow-changing systems that are evaluated across multiple decades and hundreds of years. Plaintiff's expert report (the "SWHL Report") does not purport to have completed any new study of the aquifer that would make the BLM's report (the 2000 "Manera Report") outdated, as claimed by the AG. Rather, Plaintiff's expert report is instead a different interpretation of the same data. For example, the AG's proposed brief confuses the issues by suggesting there is data to support that Ha'Kamwe' may be fed by shallow and deeper sources. However, the SWHL Report claims that such sourcing may "be inferred" from chemical composition without any new data quantifying the relative contribution percentages of the purported different sources.

The AG also argues BLM's allegedly "stale" data incorrectly asserts that the relevant aquifers are separated. The AG's assertion relies on the SWHL Report's

6

conclusion that there is "one single connected aquifer with interbedded layers of lower- and higher-permeability units." (Doc. 11-7 at 52). The SWHL Report, however, relies on studies from 1973, 1979, 1980, and one State source from 2009, leaning most heavily on the 1973 Davidson report. (*Id*.). The SWHL report depends on data 27 years older than the Manera Report. The AG's argument illustrates its lack of understanding of the facts here.

The AG relies on the SWHL Report's pure speculation that "[b]oreholes already drilled and improperly sealed have affected [Ha'Kamwe']." (*See* Doc. 11-7 at 62). Looking more closely, the SWHL Report merely notes that current Arizona regulations for abandoning wells specify using tremie pipes to deliver sealing grout, which was not specified during Phase 1 and 2 drill hole abandonment. (*Id*. at 79). The SWHL Report makes an unexplained logical leap from the lack of tremie pipes to an unsupported conclusion that such "improperly abandoned" holes "have likely affected vertical migration of groundwater, impacting spring discharges and thermal spring water temperatures." (*Id*.) The SWHL Report provides no scientific, objective data showing that Phase 1 and 2 holes led to any actual affect to Ha'Kamwe' or an aquifer. Moreover, Phase 3 drilling does provide for the use of tremie pipes, apparently meeting the SWHL Report's criteria for proper drill hole abandonment.

The SWHL Report is not the "newer, more specific study" the AG argues it is. Unlike the Manera Report, the SWHL Report was commissioned for litigation specifically to support Plaintiff's position. The AG offers no evidence, including no new report or better information, to support its arguments that the Manera Report is outdated and contains inapplicable data.

V.  **PLAINTIFF IS ADEQUATELY REPRESENTED AND THE AG'S BRIEF IS REDUNDANT.**

District courts also routinely deny amici participation where, as here, the parties are adequately represented and have ably addressed the relevant legal issues. *See Jones v. Becerra*, 2020 WL 8920621, at *1 (S.D. Cal. January 14, 2020) (noting that amicus briefs

7

are "seldom appropriate at…the trial level where the parties are adequately represented by experienced counsel") (citation omitted). Among the concerns that animate this limitation is the pattern that partisan amicus briefs which favor one party "may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

For example, in *Mi Familia Vota v. Hobbs*, CV-21-01423-PHX-DWL, 2022 WL 475986, at *2 (D. Ariz. Feb. 16, 2022), the District of Arizona considered arguments opposing an amicus brief because the filing was untimely and because the amici "do not (and cannot) explain why the [party the amici sought to support] has not adequately articulated those views already and because the proposed amicus brief largely consists of repackaging th[at party]'s existing dismissal arguments." *Id*. The *Mi Familia* court denied the amici's motion in part because the amici did not offer any explanation of how their arguments differed (if at all) from the existing arguments provided by the party they sought to support. *Id*., at *3. *See also Zakinov v. Ripple Labs, Inc.*, No. 18-CV-06753-PJH, 2023 WL 4303644, at *8 (N.D. Cal. June 30, 2023) (denying motion for leave to file amicus brief that "reiterates arguments already made" by the parties); *Motiv Grp., Inc. v. Cont'l Cas. Co.*, No. 220CV09368ODWEX, 2021 WL 1240779, at *5 (C.D. Cal. Apr. 1, 2021) (denying motion for leave to file amicus brief that "sets forth arguments similar to those in [the plaintiff's] pleading and opposition"); *IO Grp., Inc. v. Veoh Networks, Inc.*, No. C06-03926 HRL, 2007 WL 2433385, at *1 (N.D. Cal. Aug. 22, 2007) (denying motion for leave to file amicus brief because the "proposed brief does not appear to provide…unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide") (citation omitted).

Here, Plaintiff is adequately represented by attorneys from Earthjustice and the Western Mining Action Project. The parties have briefed and argued the relevant law in connection with the Court's consideration of Plaintiff's complaint for vacatur, declaratory, and injunctive relief. The Court allowed Plaintiff additional pages on reply,

9507492

and allowed the Federal Defendants and AZL to file sur-replies. The AG's belated attempt to add yet more briefing presents views about the facts and law of this case that substantially reiterate Plaintiff's positions, relying almost exclusively on the SWHL Report (which is already part of the Court record). The parties submitted the SWHL Report and the Manera Report as exhibits and have thoroughly briefed the Court regarding their contents. (*See, e.g.*, Doc. 28 at 9–12). Allowing the AG to participate would not help the Court understand the relevant law, but rather seeks to amplify the Plaintiff's contentions without offering any unique information or perspective from the State of Arizona. The AG did not take advantage of the many opportunities to oppose the Project since its inception around 2019, and the State has supported and approved the Project as described above. The AG should not be allowed to now shoehorn its way into this litigation, at this highly prejudicial juncture, when its proposed brief contradicts prior State participation in the Project and merely attempts to repeat Plaintiff's arguments and advocate for granting the preliminary injunction.

## CONCLUSION

This Court should deny the AG's motion for leave to file an amicus brief because it is untimely, misleading, confuses the issues, and does not provide unique information or perspective that can help the Court beyond that which the lawyers for the parties are able to provide.

DATED this 19th day of September, 2024.

**THORPE SHWER, P.C.**

By */s/ William L. Thorpe*
William L. Thorpe
Mitchell W. Fleischmann
Bree G. Nevarez
***Attorneys for Intervenor Defendant Arizona Lithium Limited***

9507492

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2024, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Laura Berglan
Heidi McIntosh
Thomas Delehanty
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, Colorado 80202
lberglan@earthjustice.com
hmcintosh@earthjustice.com
tdelehanty@earthjustice.com

Roger Flynn
Jeffrey C. Parsons
WESTERN MINING ACTION PROJECT
440 Main Street, #2
Lyons, Colorado 80540
roger@wmaplaw.org
jeff@wmaplaw.org

*Attorneys for Plaintiffs*

Todd Kim
Daniel Luecke
Matthew Marinelli
NATURAL RESOURCES SECTION
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 611
150 M Street NE
Washington, D.C. 20044-7611
Daniel.luecke@usdoj.gov
Matthew.marinelli@usdoj.gov

*Attorneys for Defendants Debra Haaland;
United States Bureau of Land Management;
Ray Suazo; and Amanda Dodson*

/s/   Brandi Kline
Legal Assistant

9507492