1
2
3
4
5
6   IN THE UNITED STATES DISTRICT COURT
7   FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe of the Hualapai Indian Reservation, Arizona, | No. CV-24-08154-PCT-DJH |
| *Plaintiff*, | |
| v. | **FEDERAL DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY STATE OF ARIZONA** |
| Debra Haaland, et al., | |
| *Defendants*, | |
| and | |
| Arizona Lithium, Ltd. | |
| *Intervenor Defendants*. | |

Federal Defendants oppose as untimely Arizona's September 16, 2024 motion for leave to file an amicus brief in support of Hualapai's Motion for Preliminary Injunction. Arizona's sought leave to file an amicus brief in support of Hualapai's motion comes 31 days after that motion, 28 days after Federal Defendants' response, 12 days after Federal Defendants and Arizona Lithium's sur-replies, and 1 day before an evidentiary hearing on the motion. Arizona's brief is untimely for two reasons.

First, as Arizona acknowledges, the Federal Rules of Appellate Procedure are persuasive authority on the timeliness of amicus briefs. ECF No. 51 at 2. They require that an amicus brief be filed "no later than 7 days after the principal brief of the party being supported is filed." USCS Fed Rules App Proc R 29. Arizona's proposed brief missed that deadline by 26 days. And the untimeliness here is exacerbated by Arizona filing the proposed brief: 1) after Federal Defendants filed their opposition to Hualapai's motion for a preliminary injunction; 2) after Federal Defendants filed their sur-reply in opposition to Hualapai's motion; and 3) on the eve of an evidentiary hearing on Hualapai's motion. *See Vashisht-Rota v. Harrisburg Univ.*, 2020 U.S. Dist. LEXIS 261140, *4-5 (S.D. Cal. Aug. 6, 2020) (denying motion to file amicus brief after defendant's reply brief); *Friends of Animals v. U.S. Fish & Wildlife Serv.*, 2021 U.S. Dist. LEXIS 187246, *4 (D. Utah Sept. 28, 2021); *In re Grand Jury Witness*, 695 F.2d 359, 363 (9th Cir. 1982) (denying motion to file amicus after briefing was complete as untimely).

Second, Arizona's effort to justify its tardiness is, at best, unpersuasive. Arizona's sole effort to justify the timing of its motion is an assertion that it "only recently became aware of the need to intervene based on defendants sur-replies . . . that 'double down' on the issue of interest to the state." ECF 51 at 2. In other words, Arizona suggests that its delay is justified because Federal Defendants' sur-reply affirmed arguments that Federal Defendants first raised in their August 19 opposition to Hualapai's motion for a preliminary injunction. ECF No. 15. Arizona's admitted delay in seeking to address

arguments first raised on August 19 is a reason to deny, rather than grant, Arizona's motion.

While Federal Defendants submit that the Court should deny Arizona's untimely motion, in the event that the Court permits Arizona to file its proposed amicus brief, Federal Defendants request an opportunity to respond.

Respectfully submitted this 20th day of September 2024.

Todd Kim
Assistant Attorney General

/s/ Matthew Marinelli
Daniel Luecke (CA Bar No. 326695)
Matthew Marinelli (IL Bar No. 6277967)
Natural Resources Section
Environment and Natural Resources Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-1389
daniel.luecke@usdoj.gov
(202) 305-0293
Matthew.marinelli@usdoj.gov

*Counsel for Federal Defendants*