**THORPE SHWER, P.C.**
William L. Thorpe (No. 005641)
Mitchell W. Fleischmann (No. 021075)
Bree Nevarez (No. 035671)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: wthorpe@thorpeshwer.com
Email: mfleischmann@thorpeshwer.com
Email: bnevarez@thorpeshwer.com

**Attorneys for Defendant-Intervenor Arizona Lithium Limited**

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe of the Hualapai Indian Reservation, Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Debra Haaland in her official capacity as the United States Secretary of the Interior; United States Bureau of Land Management; Ray Suazo in his official capacity as State Director of the United States Bureau of Land Management; and Amanda Dodson in her official capacity as Field Office Manager of the United States Bureau of Land Management Kingman Field Office,<br><br>Defendants.<br><br>Arizona Lithium Limited,<br><br>Defendant-Intervenor. | NO. 3:24-cv-08154-DJH<br><br>**DEFENDANT-INTERVENOR ARIZONA LITHIUM LIMITED'S ANSWER** |

Defendant-Intervenor Arizona Lithium Limited ("AZL") by and through undersigned counsel, hereby submits its Answer to the Complaint filed by Plaintiff

9512341

Hualapai Indian Tribe of the Hualapai Indian Reservation, Arizona. AZL hereby admits, denies, responds, and alleges as follows:

## **INTRODUCTION**

1. Responding to Paragraph 1, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

2. Responding to Paragraph 2, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

3. Responding to Paragraph 3, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

4. Responding to Paragraph 4, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

5. Responding to Paragraph 5, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

6. Responding to Paragraph 6, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

7. Responding to Paragraph 7, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

8. Responding to Paragraph 8, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

9512341

9. Responding to Paragraph 9, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

## JURISDICTION AND VENUE

10. Responding to Paragraph 10, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

11. Responding to Paragraph 11, AZL admits that jurisdiction is proper in this Court. Responding to the remaining allegations in Paragraph 11, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

12. Responding to Paragraph 12, AZL admits that venue is proper in this Court.

13. Responding to Paragraph 13, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

## PARTIES

14. Responding to Paragraph 14, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

15. Responding to Paragraph 15, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

16. Responding to Paragraph 16, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

17. Responding to Paragraph 17, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

18. Responding to Paragraph 18, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

19. Responding to Paragraph 19, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

20. AZL admits the allegations in Paragraph 20.

21. Responding to Paragraph 21, AZL admits Defendant Debra Haaland is the U.S. Secretary of Interior. Responding to the remaining allegations in Paragraph 21, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

22. Responding to Paragraph 22, AZL admits Defendant Ray Suazo is sued in his official capacity as the State Director of BLM in Arizona. Responding to the remaining allegations in Paragraph 22, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

23. Responding to Paragraph 23, AZL admits Amanda Dodson is the Field Office Manager for BLM's Kingman Field Office and that she signed the July 9, 2024 decision approving the Project's Plan of Operations. Responding to the remaining allegations in Paragraph 23, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

**STATUTORY BACKGROUND**

**A.    National Historic Preservation Act of 1966**

24. Responding to Paragraph 24, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

9512341

25. Responding to Paragraph 25, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

26. Responding to Paragraph 26, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

27. Responding to Paragraph 27, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

28. Responding to Paragraph 28, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

**B.     National Environmental Policy Act**

29. Responding to Paragraph 29, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

30. Responding to Paragraph 30, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

31. Responding to Paragraph 31, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is

9512341

THORPE SHWER, P.C.

required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

32. Responding to Paragraph 32, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

33. Responding to Paragraph 33, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

34. Responding to Paragraph 34, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

**C.     Administrative Procedure Act (APA)**

35. Responding to Paragraph 35, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

36. Responding to Paragraph 36, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

37. Responding to Paragraph 37, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

**FACTUAL BACKGROUND**

**A.  Ha'Kamwe' and the Interconnected Cultural Landscape**

38. Responding to Paragraph 38, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

39. Responding to Paragraph 39, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

40. Responding to Paragraph 40, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

41. Responding to Paragraph 41, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

42. Responding to Paragraph 42, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

43. Responding to Paragraph 43, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

44. Responding to Paragraph 44, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

**B.  Previous Projects and Exploration at the Project Site**

45. Responding to Paragraph 45, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

Thorpe Shwer, P.C.

9512341

46. Responding to Paragraph 46, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

47. Responding to Paragraph 47, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

48. Responding to Paragraph 48, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

49. Responding to Paragraph 49, AZL admits that in 2018 and 2019, it conducted two phases of exploratory drilling for lithium clay on BLM-managed public lands, under the name Hawkstone Mining, Ltd. Responding to the remaining allegations in Paragraph 49, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

50. Responding to Paragraph 50, AZL admits that the company was previously named Hawkstone Mining, Ltd. Responding to the remaining allegations in Paragraph 50, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

51. AZL admits the allegations in Paragraph 51.

52. AZL denies the allegations in Paragraph 52.

**C.      Phase 3 Sandy Valley Exploration Project**

53. AZL admits the allegations in Paragraph 53.

54. Responding to Paragraph 54, AZL admits that the Project included 131 drilling sites on approximately 21 acres of BLM-managed public lands to explore mining claims for lithium and poly-metal minerals. Responding to the remaining allegations in Paragraph 54, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

55. Responding to Paragraph 55, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

56. Responding to Paragraph 56, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

57. Responding to Paragraph 57, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

58. Responding to Paragraph 58, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

59. Responding to Paragraph 59, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

60. Responding to Paragraph 60, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

61. Responding to Paragraph 61, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

62. Responding to Paragraph 62, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

63. Responding to Paragraph 63, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same. AZL denies the allegation that BLM's analysis in the Final EA lacks credible evidence.

64. Responding to Paragraph 64, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

65. Responding to Paragraph 65, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

66. Responding to Paragraph 66, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

67. Responding to Paragraph 67, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

68. Responding to Paragraph 68, AZL admits that the Final EA provides that if a water intersection occurs during the drilling process, then the hole will be plugged. Responding to the remaining allegations in Paragraph 68, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

69. Responding to Paragraph 69, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

**FIRST CLAIM FOR RELIEF**

**Violation of the NHPA: Erroneous Finding of No Historic Properties Affected**

70. AZL hereby incorporates all proceeding Paragraphs above as if fully set forth herein.

71. Responding to Paragraph 71, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

72. Responding to Paragraph 72, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

73. Responding to Paragraph 73, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

74. Responding to Paragraph 74, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

75. AZL denies the allegations in Paragraph 75.

## SECOND CLAIM FOR RELIEF

**Violation of NEPA: Failure to Consider a Reasonable Range of Alternatives**

76. AZL hereby incorporates all proceeding Paragraphs above as if fully set forth herein.

77. Responding to Paragraph 77, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

78. Responding to Paragraph 78, AZL denies the allegation that the Final EA unlawfully fails to consider a reasonable range of alternatives. Responding to the remaining allegations in Paragraph 78, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

79. Responding to Paragraph 79, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

THORPE SHWER, P.C.

80. Responding to Paragraph 80, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

### THIRD CLAIM FOR RELIEF

**Violation of NEPA: Failure to Take a Hard Look at Impacts on Water Resources**

81. AZL hereby incorporates all proceeding Paragraphs above as if fully set forth herein.

82. Responding to Paragraph 82, AZL states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, AZL lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

83. AZL denies the allegations in Paragraph 83.

84. AZL denies the allegations in Paragraph 84.

85. AZL denies Plaintiff is entitled to any of the relief sought in its unnumbered "Request for Relief."

86. AZL affirmatively asserts and alleges that it is entitled to an adjudication affirming BLM's approval of the DR, FONSI, and Final EA and authorization of the Project.

87. AZL affirmatively asserts that BLM acted appropriately and followed the governing law when it issued the DR, FONSI, and Final EA.

88. AZL affirmatively asserts that in issuing the DR, FONSI, and Final EA, BLM did not act in a manner that was arbitrary, capricious, or contrary to law when it made those findings and authorized the Project to proceed.

### GENERAL DENIAL

AZL denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9512341

2. Preliminary and permanent injunctive relief should not be awarded as BLM's Project approval was proper.

3. Plaintiff has failed to join a party or parties necessary and indispensable to this action.

4. Some or all of Plaintiff's claims are barred by statute.

5. Plaintiff lacks standing to assert some or all of their claims.

6. AZL reserves the right to assert all additional affirmative defenses available, including all defenses set forth in Federal Rules of Civil Procedure 8(c) and 12.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant-Intervenor Arizona Lithium Limited respectfully demands judgment in its favor, including an adjudication that BLM's Decision Record, Finding of No Significant Impact, and Final Environmental Assessment were properly issued and that the Project is authorized to continue as approved. Defendant-Intervenor Arizona Lithium Limited further seeks a judgment awarding costs incurred and any other relief, including attorney's fees, available under law.

DATED this 9th day of October, 2024.

**THORPE SHWER, P.C.**

By */s/ William L. Thorpe*
William L. Thorpe
Mitchell W. Fleischmann
Bree G. Nevarez
***Attorneys for Defendant-Intervenor Arizona Lithium Limited***

9512341

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2024, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Laura Berglan
Heidi McIntosh
Thomas Delehanty
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, Colorado 80202
lberglan@earthjustice.com
hmcintosh@earthjustice.com
tdelehanty@earthjustice.com

Roger Flynn
Jeffrey C. Parsons
WESTERN MINING ACTION PROJECT
440 Main Street, #2
Lyons, Colorado 80540
roger@wmaplaw.org
jeff@wmaplaw.org

*Attorneys for Plaintiffs*

Daniel Luecke
Matthew Marinelli
Natural Resources Section
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 611
150 M Street NE
Washington, D.C. 20044-7611
Daniel.luecke@usdoj.gov
Matthew.marinelli@usdoj.gov

*Attorneys for Defendants Debra Haaland;
United States Bureau of Land Management;
Ray Suazo; and Amanda Dodson*

/s/ Brandi Kline
Legal Assistant

9512341