**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hualapai Indian Tribe, | No. CV-24-08154-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Debra Haaland, et al., | |
| Defendants. | |

    The State of Arizona ("the State"), who is not a party in this matter, has sought leave to file an *Amicus* Brief. (Doc. 51). Defendants Debra Haaland in her official capacity as the United States Secretary of the Interior; the United States Bureau of Land Management ("BLM"); Ray Suazo in his official capacity as State Director of the BLM; and Amanda Dodson in her official capacity as Field Office Manager of the BLM Kingman Field Office ("the Federal Defendants") and Arizona Lithium Limited ("AZL") (collectively, "Defendants") oppose the State's request. (Docs. 59 & 67). The Court denies the State's Motion for Leave to File Brief of *Amicus Curiae* for the reasons stated herein.

    Plaintiff Hualapai Indian Tribe ("Plaintiff") has sought a Temporary Restraining Order ("TRO") followed by a Preliminary Injunction ("PI") to enjoin AZL from certain drilling activity, approved by the Federal Defendants, which they argue may impact Ha'Kamwe': a hot spring recognized as a Traditional Cultural Property ("TCP"). (Doc. 11). The Court issued a TRO temporarily enjoining AZL from authorizing or allowing any ground disturbance, construction, operation, or other activity approved by

BLM until further order of the Court. (Doc. 32 at 11). As required by Federal Rule of Civil Procedure 65(a)(1) and (b)(3), the Court held a hearing on September 17, 2024, (the "Hearing") to determine whether the TRO should convert to a Preliminary Injunction ("PI"). (Doc. 54). The day before this hearing, and thirty-one-days after Plaintiff filed its Motion, the State filed its Motion and has lodged its proposed *Amicus* Brief. (Docs. 51 & 52). The impetus for the Motion is "the interests of the State in careful groundwater resource management." (Doc. 51 at 3).

The Federal Rules of Civil Procedure and the local rules of this District do not cover *amicus curiae* procedures, but courts within this district have reviewed Federal Rule of Appellate Procedure 29, as persuasive authority, in considering whether an amicus brief will be of assistance to the Court. *Ctr. for Biological Diversity v. United States Env't Prot. Agency*, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023) ("CBD"). Rule 29 provides that an *amicus* brief "must be filed within 7 days after the principal brief of the party being supported is filed, identify the interests of the amici-party, whether counsel for any party authored the brief, and explain the relevancy of the amicus briefing." *Id*. (citing Fed. R. App. P. 29(b)(3)–(4)).

In deciding whether to grant leave to file an *amicus* brief, courts should consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Washington v. United States Food & Drug Admin.*, 668 F. Supp. 3d 1125, 1144 (E.D. Wash. 2023) (quoting *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "An *amicus* brief should normally be allowed when . . . the *amicus* has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide . . . Otherwise, leave to file an *amicus curiae* brief should be denied." Id. (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (internal citations omitted). District courts have "broad discretion to grant or refuse prospective *amicus* participation, accordingly, as it deems the

proffered information timely, useful, or otherwise." *CBD*, 2023 WL 4542990, at *2.

Defendants argue that the Court should deny the State's Motion because it is untimely, inapplicable and redundant. (Doc. 59 at 5–7; Doc. 67 at 2). The Court agrees.[1]

As the State points out, it has not had the benefit of years of trial and appeals to prepare an *amicus* brief within seven days of Plaintiff's initial Motion. (Doc. 51 at 2). However, Plaintiff filed its Complaint on August 2, 2024, and its Motion on August 16, 2024. (Doc. 1; Doc. 11). The Federal Defendants filed their Response on August 19, 2024, and AZL filed theirs on August 20th. (Docs. 15, 28). Plaintiff filed a Reply on August 26th and Defendants filed their own Sur-Reply's on September 4th—concluding the briefing in this matter. (Docs. 40 & 42).

Indeed, this case is like *Mi Familia Vota v. Hobbs*, where the *amici's* leave request was denied because the Court would have to reopen the already completed briefing process. *See* 2022 WL 475986, at *2 (D. Ariz. Feb. 16, 2022) (reasoning that "the Court must resolve [] motion to dismiss and [] motion for preliminary injunction (which raise interrelated issues) as quickly as reasonably possible. Granting *amici's* leave request would interfere with this objective because doing so would effectively reopen the motion-to-dismiss briefing process, which was otherwise completed last week."). Not only was the State's proposed *amicus* brief filed more than seven days after Plaintiff's initial Motion, it was filed more than seven days after briefing had concluded in this matter. (*Compare* Doc. 51 *with* Doc. 42). So, because the briefing process was completed before the State filed its Motion, which was filed more than seven days after the principal motion was initially filed in this matter, the Court will not grant the State's Motion for Leave to File an *Amicus* Brief. *See* Fed. R. App. P. 29(b); *Mi Familia Vota,* 2022 WL 475986, at *2.

Accordingly,

**IT IS ORDERED** that the State of Arizona's Motion for Leave to File Brief of

---

[1] The Court acknowledges the State's interest in careful groundwater resource management, but the parties have provided sufficient relevant information that needs no further supplement. *See Zakinov v. Ripple Labs, Inc*., 2023 WL 4303644, at *8 (N.D. Cal. June 30, 2023) (denying motion for leave to file amicus brief that "reiterates arguments already made" by the parties).

*Amicus Curiae* (Doc. 51) is **DENIED**.

Dated this 11th day of October, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge